JOHN V. TOULME *v.* JAMES CLARK.

CHANCERY PRACTICE. *Denials of answer. Evidence to overthrow.*
　　The rule in chancery which requires more than the testimony of one witness to overthrow an answer denying allegations of the bill applies only when the denial is positive, and does not apply when the denial is as to belief, or is as matter of inference or argument.

APPEAL from the Chancery Court of Hancock County.

HON. SYLVANUS EVANS; Chancellor.

James Clark exhibited this bill in chancery against John V. Toulme, in which he set out that defendant, on May 16, 1884, executed a certain promissory note for one thousand dollars in favor of Messrs. Fairchild and Kellar, and secured the same by a mortgage on certain lands; that on September 4, 1884, this note and mortgage were indorsed to him by Fairchild and Kellar, and that he is now the *bona fide* owner and holder thereof; that defendant has paid complainant three hundred dollars on said note, and that the remainder is still due. The prayer of the bill is for a foreclosure of the mortgage. The bill is signed by the solicitor for the complainant and is not sworn to.

The defendant answered, after making other defenses, as follows: "And respondent denies upon information and belief that James Clark, the complainant, is the indorser of said note, and denies that he is the owner and holder thereof." The answer is sworn to by the defendant.

The original note with the indorsements thereon was filed as an exhibit to the bill.

The cause was set down for final hearing upon the bill, exhibits,

and answer. The Chancellor rendered a decree for the complainant. The defendant appealed.

*Posey & Bowers*, for the appellant.

We submit that the Chancellor erred in decreeing for complainant because complainant wholly failed to establish any right to sue upon the note and mortgage. It is useless to cite the court to the well-known rule that where a material allegation in an unsworn bill is confronted by a positive denial in a sworn answer, such answer can only be overthrown by the testimony of two witnesses, or one witness and corroborating circumstances. See Adams on Equity 91, note 1 and cases cited. The rule has been repeatedly announced in this State. Walker's Reports 224; *Parkhurst* v. *McGraw*, 2 Cushman 134–140; *Kearney* v. *Jeffries*, 48 Miss. 359; *Jacks* v. *Bridewell*, 51 Miss. 881; *Walter* v. *Shannon*, 53 Miss. 500; *Fulton* v. *Woodman*, 54 Miss. 174; *Surget* v. *Boyd*, 57 Miss. 485; *Johnson* v. *Crippen*, 62 Miss. 597.

The allegation that Clark was either the owner, the holder, or the assignee is a necessary one. The note was not payable to him, and, unless he was either owner or holder, he could not sue.

The fact that some of the denials are made upon information and belief does not affect the force of the answer as proof, or vary the general rule of evidence applicable to chancery practice. *Magee* v. *White*, 2 George Rep. 42, 46, 47.

*W. P. & J. B. Harris*, for the appellee.

We are aware of the *general* rule which requires two witnesses or one witness and corroborating facts to overturn a sworn answer to an unsworn bill, but we think the rule has no application to the case at bar. The complainant was the owner and holder of a note payable to order and indorsed in blank, and he files the note and the mortgage securing it with his bill as exhibits, and alleges in the bill that he is the owner of the note, the same having been indorsed to him before maturity for a valuable consideration.

The *prima facie* case of ownership was thus fully and completely made out. 55 Miss. 458; Daniel's on Neg. Inst., § 663 *et seq.;* Abbott's Trial Evidence 801.

Now we insist that it would take more than a mere denial on

information and belief to overthrow such a case, notwithstanding the fact that the answer is sworn to.

The denial in any case must be positive. See Adams' Equity 90.

CAMPBELL, J., delivered the opinion of the court.

The rule of courts of chancery, which requires more than the testimony of one witness to overthrow an answer denying allegations of the bill, applies only when the denial is positive, and does not apply where the denial is as to belief or is as matter of inference or argument. 1 Daniell's Ch. Pl. and Pr. 844.

It is true that when the answer positively denies, the. court will not inquire into the grounds of the denial, as held in *McGee* v. *White*, 31 Miss. 42, but the rule as stated above remains.

*Affirmed.*