DORA CARPENTER ET AL. v. M. B. EDWARDS ET AL.

64  595
72  385

1. CHANCERY PRACTICE. *Answer on information. Effect of.*
A denial in an answer upon information is a denial " otherwise than by the general traverse," and is sufficient to prevent facts averred in the bill from being taken at the hearing as admitted.

2. SAME. *Answer upon information. Failure of complainant to take proof.*
And if in such case no proof be taken to maintain the bill, it must be dismissed.

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

Dora Carpenter and others filed their bill against M. B. Edwards and others, in which they set out their title to certain lands under and by virtue of a lost deed, and prayed that certain pretended conveyances held by defendants be cancelled as a cloud upon their title. The defendants answered, denying, upon information, that complainants had any title to the land in question.

The cause was set down for hearing upon bill and answer. The answer was sworn to, and no proof was taken to maintain the bill. The Chancellor entered a decree dismissing the bill. The complainants appealed.

*Brame & Alexander*, for the appellants.

For appellants we contend that the answer was not a sufficient denial of the material averment of the bill, and the case being set down by defendants without proof, the bill should be taken as true and *the decree should have been for the complainants.*

Defendants in their answer expressly deny any knowledge, and answer *upon information* merely. This was not, independently of our statute [Code 1880, § 1892], a sufficient denial. Story Eq. Pl., § 854 ; 1 Daniel Chy. Pl. & Pr. 723.

Under the settled decisions of this court such a denial is ineffectual and the answer will be treated as admitting the allegations of the bill. *Mead* v. *Day*, 54 Miss. 58 ; *McAllister* v. *Clopton*, 51 Miss. 257 ; *M. & C. R. R. Co.* v. *Neighbors*, 51 Miss. 412.

*C. H. Alexander*, of counsel for the appellants, argued the case orally.

*Rives & Rives*, for the appellees.

If the answer was defective in its form of denial, complainants, if they desired to take advantage of it, should have excepted for insufficiency.

"An answer in chancery must be verified by affidavit, and if this be omitted it may be treated as a nullity and stricken from the file on motion; but if no exception be taken by the complainant, and he proceeds with the cause, he cannot avail himself of the objection in an appellate court." *Mitchell* v. *Savings Institution*, 53 Miss. 614.

As a metaphysical question, how can we distinguish the two cases, one in which a man swears upon information and belief, and the other in which he swears upon information?

In both cases he swears that a given proposition is true. He does not merely swear that he is informed that it is true, or that he is informed and believes that it is true, but he swears, upon information, or upon information and belief, that it is true.

In both cases he swears to the truth of the proposition. In both cases he must believe the proposition true, else he could not swear to it.

In both cases his information is the basis of his oath.

But if the authorities establish a distinction, and hold that a denial on information only is not a sufficient denial, some of these go to the extent of holding that where a defendant denies on information only he thereby admits the allegation he has thus denied.

Sufficient negative matter of defense was stated, either positively or on information and belief, to defeat the bill.

*R. G. Rives*, of counsel for the appellees, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

A denial upon information is a denial "otherwise than by the general traverse," and is sufficient to prevent facts averred in the bill from being taken at the hearing as admitted. It is true, as held in *Toulme* v. *Clark*, *ante*, p. 471, that an answer upon in-

formation does not put the complainant to the proof of his bill by more than one witness, but the sufficiency of an answer to require some evidence to maintain the bill is a different question. The answer in this case is sufficient to require proof to maintain the bill, and, as none was furnished, the decree was properly for the defendants.

*Affirmed.*