ROBERT SNELL v. MAGGIE LEE FEWELL.

1. ESTATE OF DECEDENT. *Claim transferred before death. Grantor thereof as a witness to establish.*
   Section 1602 of the Code of 1880 declares that "No person shall testify as a witness to establish his own claim, of any amount, for or against the estate of a deceased person, which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent." In a contest between the estate of a decedent and the grantee of a claim to land asserted against such estate, if the claim was transferred before the death of the decedent, the grantor thereof is not disqualified by the statute quoted to testify as a witness to establish such claim.

2. CHANCERY PRACTICE. *Answer on information and belief. Evidence to support bill.*
   When a sworn answer to an unsworn bill states facts "on information and belief" merely, an issue of fact is raised thereby, which requires proof, but it is not incumbent under such circumstances for the complainant to establish the allegations of his bill by two witnesses or one witness and corroborating circumstances. *Toulme* v. *Clark, ante,* page 471, cited.

3. CONVEYANCE.  *Execution of.  Presumptive evidence.  Case in judgment.*
   In a case involving the title to a tract of land the fact in dispute was whether S. had executed a conveyance to G. to certain land. G. testified that he paid the purchase-money, and that S. gave to him a contract or memorandum in writing in which S. agreed to convey the land. It was further shown that more than thirty years had elapsed, and that G. and his vendees had since been continuously in possession thereof, though such possession may not have been at all times of an adverse character; that S. had been a visitor and guest of one T., a vendee of G.'s, while T. was living upon the land, and made no claim thereto, nor said anything indicating that he had any interest therein. *Held*, that this evidence was sufficient to raise a presumption that S. did execute to G. a proper conveyance to the land.

APPEAL from the Chancery Court of Lauderdale County.

HON. SYLVANUS EVANS, Chancellor.

In 1885 Mrs. Maggie Lee Fewell filed this bill against Robert Snell to remove clouds cast upon her title to certain land by reason of a claim thereto by the defendant. The bill alleges that in August, 1859, Robert Snell, Sr., father of defendant, conveyed whatever claim he had to the land in question by a contract or memorandum in writing for a valid consideration to J. H. Gibbs, and that the purchase-money was paid; that this contract or memorandum is now lost; that in 1861 J. H. Gibbs conveyed by deed this land to D. H. Trott, and this deed is now lost or destroyed; that in 1862 D. H. Trott conveyed this land by deed to Mrs. Fannie G. Harper, and that this deed is now lost; that in 1866 Trott executed to Mrs. Harper another deed in lieu of the above referred to as lost, and this latter deed is duly recorded; that in 1869 or 1870 Mrs. Fannie G. Harper died, leaving this land by will to R. Y. R. Chadwick for his life, remainder over to complainant; and that in 1871 R. Y. R. Chadwick died. The bill denies that Robert Snell has any claim whatever to the land, and asks that his claim be cancelled. This bill was not sworn to, nor did it waive an answer under oath.

The defendant, Robert Snell, Jr., answered, denying on information and belief that the several conveyances alleged to have been lost ever existed or were ever executed, and making his answer a cross-bill in which he set up his title through his father, Robert Snell, Sr., and asked that his title to the land be established.

At the hearing the depositions of Gibbs and Trott were intro-
duced to establish the allegations of the bill, but were objected to
by the defendant.

The effect of the evidence on the points in dispute is sufficiently
set out in the opinion of the court.

The Chancellor found for the complainant, and decreed that the
claim of defendant be cancelled, and the latter appealed.

*Dial & Witherspoon*, for the appellant.

1. Gibbs and Trott are incompetent as witnesses to show that
the transfer of complainant's claim was before the death of Snell.
To permit either of them to testify is to ignore the statute, whose
policy is to seal the lips of a living witness to a transaction
when the other party to it is dead. The competency of the witness
to testify against the estate of a decedent depends upon whether he
transferred his claim before or after the death of the decedent. If
the transfer was *before,* the witness is competent. To allow the
witness to testify that he transferred his claim *before* the death of
the decedent will let in the very evils which the statute intended to
guard against, for if a witness is so unprincipled as to detail the
" transaction" incorrectly (and the statute is based on that assump-
tion), he would certainly, in order to be permitted to testify, say that
he transferred his interest before the death of decedent.

2. Let us examine first the proof as to the existence of the lost
papers. Before entering into this examination, however, we call
the attention of the court to two observations. First, the bill is
not sworn to, and does not waive an answer under oath, and the
answer denies the material allegations of the bill and is sworn to.
Hence the bill is not sustained unless by the testimony of two wit-
nesses or of one witness and corroborating circumstances. Code
1880, § 1949. In the case of *Nichols* v. *Daniels,* W. 224, it is
stated that the " corroborating circumstances must be ' strong.' "
See *Backhurts* v. *McGrow,* 2 Cush. 134. The same rule prevails
even when the denial of the answer is upon information and be-
lief. *McGehee* v. *White,* 2 G. 42 ; *Jacks* v. *Bridewell,* 51 Miss. 881 ;
*Waller* v. *Shannon,* 53 Miss. 500. The only testimony on the exist-
ence, loss, and contents of the pretended contract between Snell

and Gibbs is that of Gibbs himself, and conceding, for the sake of argument, that he does so testify, it is manifestly insufficient to satisfy the rule of evidence in such cases.

3. The evidence utterly fails to show the execution of proper conveyances in the transfer by Gibbs to Trott and Trott to Mrs. Harper.

4. Whatever possession Gibbs, Trott, and Mrs. Harper had of the property in dispute was permissive and not adverse.

*Jno. W. Fewell,* for the appellee.

1. It is objected that neither Gibbs nor Trott were competent witnesses. I will not argue that proposition to the court; it is absurd both in the light of the statute and the decisions of this court.

The statute does not disqualify either witness, either by its letter or by its spirit. Neither has any "claim" against the estate of Snell and neither acquired any "claim" by assignment since his death. Even if there were any doubt as to the non-applicability of the statute to the case those doubts have been settled by the decisions of this court.

2. As to the adverse possession and the alleged title by the statute of limitations: The adverse possession is denied. But we have proven that Gibbs was in possession under claim of title as early as 1859, and Trott from that year to 1862, and Mrs. Harper from then till her death, and complainant's father at the time of his death, on the premises in 18——, and that complainant is now in possession. Further, Trott and Gibbs both testify that Snell put them in possession and that he was their neighbor, and Trott testifies that Snell was a guest in his—Trott's—house, on the premises. The statute began to run then during Snell's—the father's—lifetime, for it was not suspended until December, 1862, and the rule is well settled that when the statute begins to run it does not stop upon any supervening disability.

There is nothing whatever to contradict the proof of possession from time to time in the complainant and her father and their devisors and her vendors; nor is there any pretense that Snell, the father or the defendant, or any one else claiming any title subor-

dinate to the father or son, were ever in possession since the sale by the father to Gibbs.

3. The appellant seems to forget that the very objections he makes to the proof of appellee's title and to the competency of appellee's testimony, and to the insufficiency of the testimony to overcome the sworn answer of appellant to appellee's bill—all apply with equal force to the cross-bill, and that the same result would be reached by the cross-bill being dismissed or by a decree in favor of appellee on *his* bill.

It is argued that if Robert Snell had no title, appellee had none. Appellee is in possession, and appellant must prove a better title, or rather a *perfect* legal or equitable title, to oust the appellee.

COOPER, C. J., delivered the opinion of the court.

Gibbs and Trott were competent witnesses for the complainant. Neither of them is seeking to assert any claim or interest in the property in controversy, and it is not shown that at the time of the death of Snell they had any interest in the land which they have since transferred. The incompetency of witnesses resulting from interest in the result of the suit, or in the record as an instrument of evidence in other suits, has been entirely removed by law. Code, § 1599. But by § 1602 of the code it is declared that "no person shall testify as a witness to establish his own claim of any amount for or against the estate of a deceased person, which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent." This provision has been held to preclude any person from testifying to establish his own claim to any species of property left by the decedent, whether the same be real or personal property or a personal demand against the representative. *Jacks* v. *Bridewell,* 51 Miss. 881. But it must appear either that the witness is interested in the subject-matter or that he was so interested *at the time of the death of the decedent.* If on the facts developed in the trial it should appear that the "interest" claimed to have been transferred before the death of the decedent had in fact been transferred after the death, the testimony should be excluded, but where by the tes-

timony of such witness or otherwise it is shown that the transfer was made before the death, the witness is competent. 1 Greenleaf on Ev. 422, 424.

· The bill in this case is not sworn to, and an answer under oath is not waived, as might have been done by the complainant, which if done would have deprived it of its character as evidence, and it is insisted by counsel for appellant that the testimony of the complainant is not equivalent to that of one witness and corroborating circumstances, which is required by the rule that facts stated in a sworn answer, and responsive to the allegations of an unsworn bill, cannot be overturned by less than that quantity of proof.

But the answer, though sworn to, states the facts " on information and belief," and not upon positive knowledge, and though statements so made raise an issue between the parties and put the complainant to proof, *Carpenter* v. *Edwards*, *ante*, page 595, it is not incumbent on him to establish the truth of his bill by two witnesses, or one witness and corroborating circumstances. *Toulme* v. *Clark*, *ante*, page 471.

A review of the evidence leads us to conclude that, though it is not of the most satisfactory character by reason of the great length of time which has passed since the occurrences related and the infirmity of human recollection, it is amply sufficient to raise a presumption of fact that proper conveyances were executed by the parties at the times of the several sales. There is nothing in the evidence inconsistent with such presumption; on the contrary, all the circumstances and facts proved consist with it. That Gibbs, the purchaser from Snell, the father of the appellant, was entitled to a conveyance, having paid the purchase price, if he took any sort of writing from the vendor, will not be denied ; that he received at the time either a bond for title, contract to convey, or deed is, we think, fairly to be presumed from the facts stated by him. A great many years have passed since the sale to him. Snell, the vendor, was a visitor at the home of Trott, the purchaser from Gibbs, while he lived upon the land ; he made no claim of title and said nothing indicating that he had any interest in it. The parties claiming under Gibbs have been in the possession of the land for nearly

thirty years, and though this possession may not at all times have been of that character required to acquire title by adverse possession, it is a potent consideration in aid of the presumption of the execution of proper muniments of title. 1 Greenleaf on Evidence 41; Best on Evidence 393.

*The decree is affirmed.*