WILLIAM SAFFOLD ET AL. *v.* J. W. HORNE ET AL.

CHANCERY-PRACTICE. *Dismissal of cross-bill. Answer not evidence.*

The dismissal of a cross-bill carries with it the answer thereto, though called for under oath, and such answer cannot afterwards be read in evidence on behalf of the party making it.

FROM the chancery court of Harrison county.
HON. W. T. HOUSTON, Chancellor.

On June 29, 1892, appellees, Horne and Humphries, exhibited their bill in the court below against appellants as heirs and devisees of R. C. Saffold, deceased, alleging that on April 1, 1867, during the life-time of said Saffold, he executed to complainants a deed conveying to them each a one-third interest in certain lands in Harrison county, Mississippi. The bill prayed for partition. Defendants answered September 26, 1892, denying the validity of the conveyance under which complainants claimed, and alleging that it had never been delivered, and that it was a cloud upon their title to the land. They set up title by adverse possession, and other defenses. At the conclusion of the answer, it was prayed that the allegations therein should be made a cross-bill, and that the complainants be summoned and required to answer the same under oath, and that the deed under which they claimed should be canceled. Process was issued, returnable to the next term of the court, and complainants were cited to answer the cross-bill. At the next term, on February 6, 1893, defendants moved the court to amend their answer by striking out that part asking that the same be made a cross-bill, and to dismiss so much of the answer as was made a cross-bill, upon the ground that said cross-bill was inadvertently filed upon a mistaken view of counsel, and that the effect thereof would be to make the complainants competent witnesses against the estate of R. C. Saffold, as to which they were not competent. This motion was sustained, and the amendment made, and complainants excepted. On the same day the defendants moved to strike out the answer of complainants to the cross-bill, because the said cross-bill had been dismissed, and because the complainants were not competent witnesses in their own behalf; but this motion was withdrawn. At the February term, 1894, the cause came on for final hearing, when the pleadings were heard and the complainants, among other things, offered to read in evidence their answers to the cross-bill. This was objected to by defendants, who moved the court to strike said answer from

the files, because the cross-bill had been dismissed, and because the complainants were not competent witnesses in their own behalf. The objection was overruled, and the court allowed the answers to be heard as far as the same were responsive to the allegations of the cross-bill. A decree was rendered for complainants, from which defendants appeal.

*Nugent & Mc Willie*, for appellants.

1. The effect of dismissing the cross-bill was to carry the answers with it. Such answers thereafter no longer continued in the case for any purpose. *Ladner* v. *Ogden*, 31 Miss., 332; *Jacks* v. *Bridewell*, 51 *Ib.*, 881; *Belcher* v. *Wilkerson*, 54 *Ib.*, 677.

This was not a proceeding for a discovery in aid of an action at law. The complainants had brought an original bill for relief, which was answered, and the answer was made a cross-bill for discovery only as to a particular point. The cross-bill and prayer for affirmative relief being dismissed, the defendants stood simply upon the answer. *Kearny* v. *Jeffries*, 48 Miss., 343. The ordinary bill for discovery is not a bill for relief. Its purpose is to search the conscience of the defendant and procure evidence not attainable at law. As parties have been made competent witnesses, the rule as to discovery seems to have been abrogated. 1 Pom. Eq. Jur., 193; 9 Blatchford, 316; 26 Mich., 102.

2. The complainants, under the statute, were not competent witnesses, and if their depositions had been taken, they could not have been read in evidence. The statute applies to all courts, and its prohibition is explicit. *Neblett* v. *Neblett*, 70 Miss., 572.

*J. M. Shelton, E. J. Bowers*, and *George S. Dodds*, for appellees.

The whole of defendants' answer was made a cross-bill, and complainants were required to answer the allegations thereof under oath. They did. so fully and completely, and

thereafter it was error for the court to allow the answer amended so as to strike out that part making the same a cross-bill. The defendants had demanded of complainants a full and complete discovery, under oath, and this had been made, and defendants were bound by it. They had opened the door for a complete disclosure of the truth in relation to the matters involved on which they predicated their right to relief, and thus caused the truth and right to prevail.

It is immaterial whether complainants were competent to testify or not. As to the matter of competency, the statute applies in terms to witnesses, and not to parties answering a pleading in chancery. Code 1892, § 1740. On this point, see *Blaisdell* v. *Bowers*, 40 Vt., 126, where the court construed a statute which is as broad as our own.

*Neblett* v. *Neblett*, 70 Miss., 572, does not bear upon the question involved. The cross-bill was an experiment on the part of defendants, which took a turn that was not anticipated, and failed to answer the purpose intended.

The cases of *Ladner* v. *Ogden*, 31 Miss., 332; *Jacks* v. *Bridewell*, 51 *Ib.*, 881; *Belcher* v. *Wilkerson*, 54 *Ib.*, 677, are not in point, because they deal with the question of the effect upon a cross-bill of the dismissal of an original bill, while the question here is whether a cross-bill, praying discovery as well as relief, can be dismissed after answer thereto, so as to deprive the defendants of the benefit of their answer as evidence in so far as it is responsive. In *Ladner* v. *Ogden* it is held that while the dismissal of the original bill ordinarily carries with it the cross-bill, yet it does not necessarily always have that effect; and of the same tenor are *Dewees* v. *Dewees*, 55 Miss., 315; *Sigman* v. *Lundy*, 66 *Ib.*, 522; *Wickliffe* v. *Clay*, 1 Dana, 585. In 1 Pom. Eq. Jur., 193, the true rule is announced to be that, notwithstanding the making of parties in interest competent witnesses, the jurisdiction of courts of equity to entertain bills for discovery still remains, unless expressly abolished by statute, though there are authorities to the contrary. See also p. 234.

Such jurisdiction has been expressly maintained in this state. *Buckner* v. *Ferguson*, 44 Miss., 677; *Millsaps* v. *Pfeiffer*, *Ib.*, 805; *Kearny* v. *Jeffries*, 48 *Ib.*, 343.

The defendants certainly had the right to waive any objection to the competency of complainants, and to examine them, either by deposition or by bill, for discovery. The latter was but another mode of procuring the testimony of the parties to be used in favor of their opponent.

Argued orally by *W. L. Nugent*, for appellants, and *E. J. Bowers*, for appellees.

CAMPBELL, C. J., delivered the opinion of the court.

It was erroneous to receive as evidence the answers of Horne and Humphries to the cross-bill, which had been dismissed. Although the chancellor denied the motion to take them off the file, they could not be read as evidence for the complainants, for they fell with the cross-bill to which they were answers. That Horne and Humphries are not competent as witnesses against the estate of a deceased person, has no influence on the question. The rule as to the effect of an answer responsive to a bill, is not affected by the incompetency of the respondent as a witness, as has been often decided. But when the cross-bill fell by the action of the court, on the application of the parties who exhibited it, the answers went with it. An answer responsive to a bill avails the respondent in the hearing of the case in which it is part, but it is not evidence for the party who makes it in any other issue. It performs its office as a response to the bill it answers. Away from that, it has no function, and can serve no purpose of its author as evidence for him. It serves him only against the bill it answers. All that is found in the books as to the effect of an answer, has reference to its effect or influence *as to the bill answered*, and not to other and different issues. After the dismissal of the ill-advised cross-bill in this case, the cause stood on bill and answer, and no

evidence was admissible except such as would have been if a cross-bill had not been thought of.

The idea seems to have obtained that a defendant to a bill for relief, called on to answer under oath, is entitled ever afterwards to use as evidence in his behalf his answer thus made.    Such an idea is without any support whatever in principle or authority, as may be discovered by any one who will diligently examine the subject.

*Reversed and remanded..*