FANT *et al. v.* FANT *et al.*

(Division A. June 10, 1935.)

[162 So. 159. No. 31702.]

Sylvanus W. Polk, of Memphis, Tennessee, for appellants.

Smith & Smith, of Holly Springs, for appellees.

478

Lester G. Fant, Sr. and Jr., of Holly Springs, for appellees.

Argued orally by **Sylvanus W. Polk**, for appellant, and by **L. A. Smith, Sr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

In October, 1930, Miss Helen B. Fant executed a deed to land owned by her to her cousin, Lester Glenn Fant, Sr. Some time thereafter she executed another deed to land to Lester Glenn Fant, Jr., a son of Lester Glenn Fant, Sr. The first of these deeds recites a consideration of ten dollars and other valuable consideration; the second recites a consideration of "natural love and affection." These two deeds conveyed approximately one thousand acres of land, being all of the real property owned by the grantor, who was then eighty-three years of age, and was becoming, and shortly before her death became totally, blind. When the second deed was executed, she also executed a will bequeathing her personal property; the legatees therein being Lester Glenn

Fant, Sr., and the complainants in the court below. Miss Fant died about three years after executing the first of these deeds. This suit is by her heirs at law, and is for the purpose of canceling these two deeds. The bill alleges two grounds therefor: First, that at the time the deeds were executed Miss Fant was without contractual mentality; and, second, that they were obtained by undue influence brought to bear upon her by the grantees. The case was tried on bill, answer, and proof, and the court expressly adjudicated that neither of these two allegations was proven.

As to the mental capacity of Helen B. Fant, the evidence is not of such character as would warrant the reversal of the holding of the court below.

The bill charges that a confidential relation existed between Helen B. Fant and Lester Glenn Fant, Sr. and Jr., "and each of them were able and did procure by undue influence the said instruments from the said Helen B. Fant; that by means of suggestion, solicitation, advice, argument and persuasion, the defendants dominated and subrogated the will of the said Helen B. Fant, in having her go through the formality of supposedly executing said instruments." These allegations were expressly and categorically denied by the answers of the two grantee Fants. We will assume that the evidence, plus some admissions in his answer, discloses that a confidential relation existed between Helen B. Fant and Lester Glenn Fant, Sr., but it does not disclose any such relation between her and Lester Glenn Fant, Jr. The two deeds were prepared by Lester Glenn Fant, Sr., but wre not signed or acknowledged in his presence. The first was signed and acknowledged before a chancery clerk at the grantor's residence. The clerk testified that he read the deed to her, and she said "she knew what the deed was, what land it was and . . . it was what she wanted." The second was signed in the directors' room of a bank, of which Lester Glenn Fant, Sr., was

president, in the presence of the notary, who took her acknowledgment and two gentlemen who then and there attested her will, hereinbefore mentioned, all of whom say that the deed was read to her. She there said to the notary, "I am deeding this land to Glenn, I want him to have it." The evidence does not disclose that any influence whatever was brought to bear by Lester Glenn Fant, Sr. or Lester Glenn Fant, Jr., on Helen B. Fant to procure the execution of the deeds.

Neither of the defendants testified at the trial. The bill was sworn to by one of the complainants therein; the affidavit alleging that "the allegations of said bill are true as therein contained, to the best of her knowledge, information and belief." Answer under oath was not waived, and the answers of the defendants were sworn to by them; their affidavits alleging that "the facts shown by way of averment and denial contained in the above answer are true and correct as stated in said answer."

Section 383, Code of 1930, is as follows: "The rule requiring two witnesses, or one witness and corroborating circumstances, to overthrow an answer denying the allegations of the bill, is abolished in all cases where the bill is sworn to by the complainant; and such an answer shall have only such weight and credit as in view of the interest of the party making the same, and the other circumstances of the case, it may be fairly entitled to."

Was the bill here sworn to within the meaning of this statute? The oath required by the statute must be positive and on knowledge, not mere information and belief. "The object of that section is to entitle complainant to swear to his bill, and thus by putting his oath against that of defendant, to get clear of the rule requiring two witnesses, or one witness and corroborating circumstances, to overthrow an answer denying the allegations of the bill." Jacks v. Bridewell, 51 Miss. 881. The de-

fendant must swear to his answer on knowledge and not on information and belief in order to obtain the benefit of the rule. Carpenter v. Edwards, 64 Miss. 595, 1 So. 764; Snell v. Fewell, 64 Miss. 655, 1 So. 908; Toulme v. Clark, 64 Miss. 471, 1 So. 624; Purvis v. Woodward, 78 Miss. 922, 29 So. 917; Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653. The same rule, of course, must apply to a complainant; there being nothing in the statute showing a contrary intention.

The stenographer's transcript of the evidence discloses that the attention of the court below was called to the fact that these answers were sworn to, whereupon counsel for the complainants said that the defendants are not competent witnesses under section 1529, Code of 1930. These defendants may not be competent witnesses in their own behalf under that section, but that fact, if such it is, is of no consequence here, for "the rule as to the effect of an answer responsive to a bill is not affected by the incompetency of the respondent as a witness." Saffold v. Horne, 71 Miss. 762, 15 So. 639; Griffith's Chancery Practice, section 364. The complainants by compelling the defendants to testify, waived their statutory incompetency as witnesses. Birchett v. Hundermark, 145 Miss. 683, 110 So. 237.

There being no evidence supporting the bill's allegation that the defendants procured the deeds by the exercise of undue influence over the grantor, the answer's sworn denial has not been overturned. But it is said that the execution of the deeds, plus the confidential relation existing between the grantor and Lester Glenn Fant, Sr., shows prima facie that the deeds are invalid. This we will assume is true as to the deed to Lester Glenn Fant, Sr., but express no opinion as to the application of this rule to the deed of Lester Glenn Fant, Jr. This prima facie presumption merely shifts the burden of giving evidence from the person attacking such a deed to the person defending it, and casts on him

the burden of overcoming the presumption. In other words, a prima facie case of fraud is made by proof that a confidential relation existed between the grantor and the grantee of a deed. But this burden was met by the oath to the answer. The complainants could have left this matter at large by merely waiving the oath of the defendants to their answers. Having required this oath, they subjected themselves to the burden of overcoming it by two witnesses, or one witness and corroborating circumstances. Had evidence of undue influence been introduced by the complainants, it may be that this presumption of invalidity would have added weight thereto, as to which, however, we are not here called on to express an opinion.

On the issues as to the mental capacity of Helen B. Fant, the appellants complain of the exclusion of certain evidence claimed to bear thereon. But the rulings thus brought under review, under well-settled rules, present no reversible error, if error at all.

Affirmed.