JOHNSON, Judge.
This is an appeal from a final order of the Circuit Court of Madison County, Florida, dismissing the complaint of appellant herein.
The complaint was filed to contest the certification of the nomination of Jerry Sullivan as the successful candidate for the District Four seat on the Madison County School Board. The County Canvassing Board moved to dismiss on the ground, inter alia, that the complaint was fatally defective in that the same was not a “sworn bill of complaint” as required under Florida Statute Section 102.161, F.S.A.
In response to said motion to dismiss, the appellant filed affidavits to establish that the complaint was in fact sworn to *423 by the appellant and that it was through inadvertence and mistake that the complaint was acknowledged before the notary public instead of reciting the fact that the same was “sworn to”.
The trial court, after argument of counsel, entered its order dismissing the complaint with prejudice as to the action brought under Section 102.161, Florida Statutes, F.S.A., but that the same did not abridge the rights, if any, the plaintiff might have otherwise or by Quo Warranto as provided in Section 102.164 Florida Statutes, F.S.A. In its order, the trial court cited the case of Kinzel v. City of North Miami, 212 So.2d 327 (Fla.App.3rd, 1968). We agree with the trial court. In the Kin-zel case, the appellate court said:
“The general proposition that when a statutory action is availed of the provisions for its exercise must be strictly followed is especially applicable here, as we are dealing in this instance with a statutory action for an election contest. As to this type litigation there is a public interest in promptness and finality of decision. In apparent recognition thereof the legislature, in granting the privilege of contest by suit in equity, sought to secure promptness by requiring that such actions be filed within 10 days after canvass, and required the contest to be submitted by a sworn complaint, setting forth the grounds relied upon and addressed to designated defendants. Jurisdiction of the trial court to entertain an election contest under that statute depends upon the filing of a complaint thereunder within the time and in the form and content as directed in the statute.”
We find to the same effect cases from other jurisdictions, to wit: Fant v. Fant, 173 Miss. 472, 162 So. 159; Bell & Zajicek, Inc. v. Heyward-Robinson Co., 23 Conn. Sup. 296, 182 A.2d 339, 340, and Indiana Quarries Co. v. Simms, 158 Ky. 415, 165 S.W. 422. In the last cited cases, they each hold that a mere acknowledgment of execution is insufficient to meet the requirement of a statute requiring a “sworn bill of complaint.” Several cases of the Florida Supreme Court are cited in the Kinzel case and these also support the contention of the appellees that the complaint as filed could not vest jurisdiction in the trial court, and we agree that the defect could not be cured by supplemental proceedings.
Affirmed.
SPECTOR, C. J., and RAWLS, J., concur.