BIRCHETT *et al. v.* HUNDERMARK.*

(Division A.   Oct. 18, 1926.   Suggestion of Error Overruled Nov. 29, 1926.)

[110 So. 237.   No. 25686.]

1. TRIAL.

As against evidence sufficient, if believed, to sustain verdict, peremptory instruction is properly refused.

2. EVIDENCE.   *That each fact in hypothetical question has some support in evidence justifies propounding it to insanity expert.*

It is sufficient to justify propounding to insanity experts of hypothetical question that each fact embraced in it has some support in evidence.

3. APPEAL AND ERROR.   *That two unimportant facts embraced in hypothetical question to insanity experts had no support in evidence held harmless.*

That two of facts in hypothetical question propounded to insanity experts had no support in evidence *held* harmless; they not being important when viewed in connection with the other facts embraced therein.

4. WITNESSES.   *Legatee is not prohibited from testifying to insanity of testatrix, defeating, instead of establishing, her claim (Code 1906, section 1917 [Hemingway's Code, section 1577]).*

Testimony of legatee, who is not heir of testatrix, to show insanity of testatrix, is not within prohibition of Code 1906, section 1917 (Hemingway's Code, section 1577); it not being to establish her claim, but to defeat will and so her claim.

5. WITNESSES. *Prohibition against one testifying to establish his claim against decedent's estate is waived by party against whom claim is asserted introducing and examining claimant as witness* (*Code* 1906, *section* 1917 [*Hemingway's Code, section* 1577].

   Prohibition of Code 1906, section 1917 (Hemingway's Code, section 1577), against person testifying to establish his claim against estate of deceased, may be waived by the party against whom it is asserted, and is waived by his introducing and examining claimant as witness.

6. WITNESSES. *Legatee agreeing before contest simply to transfer claim to contestant is incompetent in support of will* (*Code* 1906, *section* 1917 [*Hemingway's Code, section* 1577]).

   Legatee is, under Code 1906, section 1917 (Hemingway's Code, section 1577), incompetent as witness in support of will, where before contest of will he had simply agreed to transfer his claim to contestant.

7. APPEAL AND ERROR. *Parties at whose request erroneous instruction, that burden of proof was on other party, was given, may not complain of denial to them of right to open and close.*

   Parties having burden of proof may not complain of denial to them of right to open and close, where, at their request, there was instruction that such burden was on other party.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 715, n. 91; p. 967, n. 23; Evidence, 22CJ, p. 711; n. 78; Trial, 38Cyc, p. 1516, n. 58; Wills, 40Cyc, p. 2266, n. 82; Witnesses, 40Cyc, p. 2285, n. 93; p. 2344, n. 36.

APPEAL from chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Will contest by W. A. Hundermark against T. G. Birchett and others. Decree for contestant, and contestees appeal. Affirmed.

The first six paragraphs of the contract between contestant and the named contestee are as follows:

"Witnesseth:

"First. That it is the intention of W. A. Hundermark to institute appropriate proceedings in the chancery court of Warren county, Miss., to vacate and annul the will of Mrs. Mary E. Bruzelias, which has been filed for probate in the chancery court of Warren county.

"Second. That T. G. Birchett will waive any and all claims which he has individually as legatee, beneficiary, devisee, and residuary legatee under the last will and testament of Mrs. Mary E. Bruzelias, deceased, and will immediately after the execution of this contract, sign, execute, and deliver appropriate bills of sale, deeds, and other instruments so as to vest in W. A. Hundermark any and all assets of said estate which is bequeathed and devised in said will to the said T. G. Birchett, subject, however, to his lien and claim for fees as executor and attorney and his attorney hereinafter contained.

"Third. That T. G. Birchett will immediately execute quitclaim deed conveying to W. A. Hundermark the real estate devised in said will to Mrs Kate Kenney by item 8 in said will, to which he makes no claim, and will further include in said quitclaim deed any and all other real estate owned by Mrs. Mary E. Bruzelias not specifically devised by her, should there be any of which he now has no knowledge.

"Fourth. In the event the will is set aside and held for naught, W. A. Hundermark will pay all of the court costs incurred in the administration of the estate of Mrs. Mary E. Bruzelias and all of the court costs accruing in the proceeding for the contest of said will.

"Fifth. In the event the will is sustained, T. G. Birchett shall receive, as his compensation as executor and as attorney and his attorney for the administration of said estate, the sum of five thousand ($5,000) dollars, and no more. It shall be a lien on the assets of the estate, and be allowed in due time by the chancery court.

"Sixth. In the event the will is not sustained W. A. Hundermark agrees to pay to the said T. G. Birchett the sum of five thousand ($5,000) dollars, and no more, which will cover his fees as executor and attorney and his attorney, both in the administration of the estate under the will and the administration of the estate as if she had died intestate. In the event the said T. G. Birchett shall employ counsel to represent him as such executor in the

administration of said estate, he shall arrange the compensation of said additional counsel at his own expense.; said sum of five thousand ($5,000) dollars to be a lien on the assets of said estate and to be allowed in due time by said chancery court.''

*Hirsh, Dent & Landau, Vollor & Kelly* and *E. O. Sykes,* for appellants.

I. The court erred in refusing the peremptory instruction requested by the proponents at the conclusion of all of the testimony, and in not rendering a decree in their favor. This court has repeatedly announced that the question is, Did the testatrix possess sufficient mental capacity to execute the will on the day of its execution? On this issue of testamentary capacity the acts, statements and conduct of the testatrix both before and after the execution of the will are admissible in evidence, not as to the truthfulness or falsity of these statements, but as primary evidence bearing upon her state of mind; that is to say, whether or not on that particular day she was mentally capable of making a will. The test to be applied in this case is stated in *Brook* v. *Luckett,* 4 How. 483 at 459; *Gillis* v. *Smith,* 114 Miss. 684-86; *Lum* v. *Leach,* 93 Miss. 81; *Scally* v. *Wardlaw,* 123 Miss. 877-79. The case of *Sharp* v. *Sanders,* —— So. ——, a recent case, is very much in point.

There is a striking similarity in the cases of *Moore, Wardlaw, Sharp,* and *Smith, supra;* and this case, in that in all of them the wills or deeds of old ladies were involved. Furthermore, in all of the above-cited cases there was a judgment or decree in the lower court in favor of the contestants which was reversed in this court and a decree entered establishing the wills. The same rule adopted by this court is generally adopted in most of the other states. *Winn* v. *Greer,* 217 Mo. 420; *Sayre* v. *Princeton University,* 192 Mo. 95; *Slaughter* v. *Heath,* 127 Ga. 747, 27 L. R. A. (N. S.) 1 and note.

The facts testified to by witnesses for the contestant are not sufficient to sustain an opinion that she was not capable of making a will at the time the will was made. In fact, the conclusion of these witnesses in no wise negatives her testamentary capacity on that particular date.

II.   The hypothetical question propounded to the expert witnesses by counsel for the contestant magnifies and exaggerates the testimony as we understand it.   This question is erroneous for assuming as proved facts that testatrix abused and villified her best and most intimate friends and that she had an erroneous idea about the treatment she received at their hands.   *Moore* v. *Parks,* and *Sanders* v. *Sanders,* 126 Miss. 622.

This hypothetical question erroneously assumes that these statements of the testatrix were false.   They may have been false, but it required some substantive proof of their falsity before they could be embodied in this question.

III.   The court erred in allowing the contestants the right to open and close the argument.   *Sheenon* v. *Kearney,* 82 Miss. 688.; *Moore* v. *Parks, supra; Scally* v. *Wardlaw, supra; Sanders* v. *Sanders,* supra, all expressly decide that in a trial *devisavit vel non* the issue is single:— will or no will and that the burden of proof rests on the proponents of the will; that it never shifts.   True it is that the proponents make out a *prima-facie* case when they introduce the probate of the will in common form ·but the burden of proof, properly speaking, never shifts.

Since this is true complainants are always required to first prove their case.   From this it follows that they likewise under our practice have the right to open and close the argument.

IV.   The court erred in permitting Mrs: E. C. Eaton, a devisee under the will, to testify for the contestants over the objections of the proponents.   The case made by the contestants is really founded on the testimony of Mrs. Eaton.

The exact question here presented to the court does not seem to have been decided heretofore, though the language used in *Helm* v. *Sheeks,* 116 Miss. 726, would seem to indicate that this testimony is inadmissible. In *Cooper* v. *Bell,* 114 Miss. 766, this exact question was presented to the lower court and the chancellor in that case of his own accord held the witness incompetent to testify. In this court, however, the question was not presented and the court declined to pass upon it.

From a careful consideration of the opinion of the court in *Whitehead* v. *Kirk,* 104 Miss. 776, we submit that the mouth of the devisee is closed; that he can neither testify to establish or destroy the will, and that the fact that his testimony is against his interest does not make him competent.

V. The court erred in sustaining the objections of the contestant to the testimony of Judge T. G. Birchett, a legatee under the will.

Section 1577, Hemingway's Code (section 1917, Code of 1906) makes a legatee incompetent to testify to establish his claim against the estate. It further makes him incompetent to testify even though he has transferred his claim since the death of the decedent.

In this case the memorandum agreement shows that Judge Birchett made a settlement with this contestant and his lawyers, whereby for a consideration he settled and relinquished his claim as a legatee. It was not transferred or assigned to any one, but was settled. By this settlement it is absolutely wiped out of existence. No one now living has this claim of Judge Birchett's against the estate. Therefore, neither the letter nor the spirit of the statute now renders him incompetent to testify.

*Henry, Canizar & Henry* and *Brunini & Hirsch,* for appellee.

I. This will was not executed according to law; hence, the peremptory instructions sought by appellee should

have been granted. *Brock* v. *Luckett,* 4 How. 459-82; *Dunkeson* v. *Williams,* 242 S. W. 653-58; *Evans* v. *Evans,* 10 S. & M. 402; *Scribner* v. *Crane,* 2 Paige Chancery 147; *Helm* v. *Sheeks,* 116 Miss. 726; 40 Cyc. 1108.

II.   Of course, appellants take exception to the verdict of the jury, confirmed by the chancellor. That is quite natural. Hardly, do we find a case where there is a conflict on the facts, that the losing party does not feel that he has been done an injustice. Appellee made out a case to go to the jury.

Appellee subscribes to what is said in the cases cited by appellants in their brief on the question of testamentary capacity, and we submit, applying those rules to particular facts in this case, the preponderance of the testimony on this point, as found by the jury, was in favor of appellee. In particular support of our position, see *Clingenpeel* v. *Citizens Trust Co.* (Mo.), 240 S. W. 177; 1 Wharton & Stille's Med. Juris. (5th Ed.), 82 40 Cyc. 1013b; *Holton* v. *Cochran,* 208 Mo. 314, 106 S. W. 1035; *Knapp* v. *Trust Co.,* 199 Mo. 640, 660, 98 S. W. 70, 76; *Laughlin* v. *K. C. S. Ry. Co.,* 275 Mo. 459, 205 S. W. 3; *Bishop* v. *Hunt,* 24 Mo. App. 373, 376; *Brock* v. *Luckett,* 4 How. 459; *Dabbs* v. *Richardson,* 137 Miss. 789; *Cox* v. *Tucker,* 133 Miss. 378, 97 So. 721; *Aetna Ins. Co. et al.* v. *Robertson,* 131 Miss. 343, 94 So. 7, 95 So. 137; *Watkins* v. *Watkins,* 106 So. 753.

We submit that the testimony shows overwhelmingly that the testatrix did not have the testamentary capacity to make a will. The jury having passed on the evidence adduced, having seen the witnesses and heard them testify, could judge of how they answered and how they were interrogated. The verdict of the jury will not be disturbed.

III.   Appellee's hypothetical question was proper. This question embodies the theory of appellee. 22 Cyc. 708, 710, 711. If this court will carefully read the hypo-

thetical question, it will see that it embodies all of the facts under appellee's theory of the case. *Prewitt* v. *State,* 106 Miss. 82.

The summary of facts at the close of Part II conclusively shows that the facts assumed in the hypothetical question propounded by appellee were founded on evidence which tended to support the same and which were in accordance with the theory of appellee.

V. The court did not err in allowing contestants the right to open and close the argument before the jury, as is shown by the special bill of exceptions. The same rule is well stated in 26 R. C. L., page 1024. In the case at bar, the appellee was the complainant in the court below and alleged that Mrs. Bruzelias did not have testamentary capacity at time of the execution of the will. There was a denial of this by the appellants. In the trial the appellants introduced the record of the probation of the will in common form, and rested.

Assuming for the sake of argument, that our practice put the burden of proof throughout upon appellants, the proponents of the will, we say: (1) That it is not reversible error; and, (2) that under the course of the trial both sides assumed that the burden of proof was on appellee and, therefore, appellants cannot be heard to complain.

If it be true that under our practice the burden of proof was upon the proponent throughout and that appellants were denied the opening and closing, was this reversible error? We say this is answered in *Perkins* v. *Guy,* 55 Miss. 181.

In view of the appellants' action in the court below, will they be heard now to complain that they were denied the right to open and close even though they be correct that they were so entitled under the practice in this state and under the pleadings in this case?

VI. The court did not err in permitting Mrs. E. C. Eaton, a devisee, to testify. Undoubtedly the testimony

of Mrs. Eaton would have been inadmissible, if it had been offered for the purpose to establish or destroy the will in order to establish her own claim against the estate of Mrs. Bruzelias. It was not offered for that purpose and her testimony tended to show that Mrs. Bruzelias did not have testamentary capacity. *Helm* v. *Sheeks, supra.* The cases of *Cooper* v. *Bell,* 114 Miss. 766; and *Whitehead* v. *Kirk,* 104 Miss. 776, are in line with *Helm* v. *Sheeks.*

The vice of the reasoning of appellants is that they overlook that the claimant is simply prohibited from testifying as a witness to establish his own claim or defense against the estate of the deceased person.

Mrs. Eaton was not testifying for that purpose, nor did her testimony tend to establish her claim. If it did tend to establish her claim, then the contestant, the appellee here, was the only one who could rationally object because he, in that event would have been the only one hurt.

VII. The court committed no error in sustaining the objections of contestant to the testimony of Judge Birchett, a legatee. The argument is made that Judge Birchett's claim was not transferred or assigned to any one, but that it was "settled," that it was absolutely wiped out of existence.

Whether you call this a "settlement," or whatnot, it is a transfer of property which was in Judge Birchett, and which he parted with by the agreement aforesaid. We submit that waiving or releasing or relinquishing one's right in a claim is a transfer from the person so waiving, releasing or relinquishing to recipient.

It is true that there was a settlement of Judge Birchett's claim against the estate of the decedent after the death of Mrs. Bruzelias, but it is also true that there was a transfer of the claim in the furtherance or carrying out of that settlment.

This assignment of error is not well taken.

*Hirsh, Dent & Landau, Vollor & Kelly,* and *E. O. Sykes,* in reply, for appellants.

I.  Was the alleged will executed according to section 3366, Hemingway's Code?  We submit that there was a literal compliance with both the letter and the spirit of this statute.  The sole and only issue was the mental capacity of the testatrix.  If she possessed this capacity, then there was a most complete compliance with this statute.  We submit that she did under all of the testimony in this case.

II.  Was the deceased of sound and disposing mind and memory?  Contestant has failed to prove any permanent insanity.  The question then arises, did he show she was mentally incapacitated at the time of the execution of the will?  This is really the contention of contestant as we view it, and is, therefore, the important point to be here considered.  In order to make out his case, he must show that at the very time the will was executed testatrix was mentally incompetent to do so.  He depends upon, first, expert testimony, and, second, nonexpert testimony.  This testimony, we submit, has no tendency whatever to show mental incapacity.

III.  Appellees hypothetical question:  There is no competent proof of certain of these assumed facts.  The brief of our friends fails to point out the testimony to sustain such facts.

IV.  As to the incompetency of the testimony of Mrs. Eaton, in addition to the authorities cited, see the recent case of *Brown* v. *Parker,* 143 Miss. 291, 108 So. 492; *Duncan* v. *Gerdine,* 59 Miss. 550.

We submit that this evidence was incompetent from any standpoint.  If proponents lost, she won her interest in the estate through Hundermark.  This testimony was clearly incompetent and justifies a reversal of this

case.  *Cooper* v. *Bell,* 114 Miss. 766.; *Whitehead* v. *Kirk,* 104 Miss. 776; *Helm* v. *Sharp,* 116 Miss. 726.

Argued orally by *E. O. Sykes* and *R. L. Dent,* for appellants, and *John Brunini* and *Pat Henry,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Mrs. Mary E. Bruzelias died on the 5th day of April, 1924, leaving a last will and testament, which was probated in common form, and thereafter was contested in accordance with section 1997, Code of 1906 (section 1662, Hemingway's Code), by the appellee, who is Mrs. Bruzelias' only heir at law, and who is not a beneficiary under her will.

The ground of the contest is that Mrs. Bruzelias was not of sound and disposing mind and memory at the time the will was made.

The case was tried by a jury, which returned a verdict for the appellee, and there was a decree accordingly holding the will void, from which the appellants have brought the case to this court.

1.  The peremptory instruction requested by the appellants was properly refused, for the reason that the evidence bearing on the issue tried is in conflict, and we are unable to say that the evidence introduced by the appellee, if believed by the jury, is not sufficient to sustain the verdict.

2.  Each of the facts embraced in the hypothetical question propounded by the appellee to the experts on insanity who testified in his behalf have some support in the evidence, except as hereinafter noted, and that is sufficient to justify its being propounded to the witnesses. Two of the facts embraced in this question rest on evidence of declarations made by Mrs Bruzelias during her lifetime, and, assuming that these declarations of Mrs. Bruzelias cannot be accepted as evidence of the facts embraced in them they are not of sufficient importance

when viewed in connection with the other facts contained in the question, to justify the setting aside of the verdict therefor. The error, if such it was, must be held harmless.

3. Mrs. Eaton, a legatee under the will, testified on behalf of the appellee over the objection of the appellants, to facts which tended to show that Mrs. Bruzelias was not of sound and disposing mind and memory when the will was executed. Section 1917, Code of 1906 (section 1577, Hemingway's Code), provides that:

"A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent."

. The purpose for which Mrs. Eaton was offered was not to establish the validity of the will and consequently of her claim thereunder against the estate of the decedent, but, on the contrary, it was offered for the purpose of showing that the will is void, and, if the will is void, it follows that she has no claim against the estate; consequently her evidence is not within the prohibition of the statute. Moreover, the prohibition of the statute is for the protection of a party against whom a claim against the estate of a decedent is or may be asserted, may be waived by him, and is waived as to a particular witness having such a claim when he himself introduces and examines the witness. 4 Jones on Evidence, sections 780, 781.

4. The will was drawn by the appellant Birchett, an attorney at law, who is one of the beneficiaries under the will. Before the contest of this will was begun by the appellee, he and Birchett entered into a written contract by which Birchett agreed to waive his rights under the will, and to execute to the appellee bills of sale and conveyances to the property therein bequeathed and devised to him. Birchett was offered as a witness by the appel-

. lants in support of the will, but, on objection by the appellee, was not permitted to testify.

The contention of the appellants is that Birchett does not come within the prohibition of section 1917, Code of 1906 (section 1577, Hemingway's Code), hereinbefore set out, for the reason that by his contract with the appellee he has renounced the will, refused to accept the legacies and devises therein made to him, and consequently has no claim under the will against the estate of Mrs. Bruzelias. Assuming, for the purpose of the argument, but expressing no opinion thereon, that a beneficiary under a will who has refused to accept the benefits therein conferred on him in such manner as to thereafter prevent him from asserting any right thereto, is a competent witness in support of the will, such is not the case here. Birchett testified that he had by this contract relinquished any interest he might have under the will in the estate of Mrs. Bruzelias, but it does not appear whether the bills of sale and conveyances referred to in the contract have been executed. The manner in which the contract obligates Birchett to dispose of his interest in the estate of Mrs. Bruzelias is by conveying the same to the appellee, whose title, when this is done, must be traced through these conveyances to, and would depend on, the will. What Birchett then agreed to do was simply to transfer to the appellee his claim under the will against the estate of Mrs. Bruzelias; consequently he is within the prohibition of the statute.

5. The appellee's instruction No. 4 should not have been given, but the error therein could not have misled the jury, in view of the issue tried and the other instructions granted. The appellee's instruction No. 6 is unobjectionable.

6. Over the objection of the appellants, the appellee was given the right to open and close the argument of the case to the jury. The appellee admits that the burden of proof was on the appellants, and that ordinarily they would have been entitled to open and close the ar-

gument; his contention, in which we concur, being that the appellants cannot be heard to complain of the denial to them of this right, for the reason that the court below, in compliance with their request so to do, instructed the jury, in effect, that the burden of proof was on the appellee. *Perkins* v. *Guy,* 55 Miss. 181, 30 Am. Rep. 510.

*Affirmed.*