J. H. TABB & COMPANY, et al. *v.* McALISTER

No. 42170 March 5, 1962 138 So. 2d 285

*McCraine & Fox,* Houston, for appellant.

*W. L. McDonough,* New Albany, for appellee.

Kyle, J.

The appellants, J. H. Tabb & Company and the United States Fidelity and Guaranty Company, its insurance carrier, have prosecuted this appeal from a judgment of the Circuit Court of Union County affirming an order of the Mississippi Workmen's Compensation Commission awarding compensation for total permanent disability to the appellee, John Henry McAlister, who at

the time of his injury on December 4, 1958, was an employee of J. H. Tabb & Company. The claim for compensation was filled by Mattie Mary McAlister, the wife and legal guardian of John Henry McAlister, non compos mentis. The record shows that the accident occurred on State Highway No. 15 about 6 o'clock in the morning, and that the injured workman was permanently and totally disabled, both physically and mentally, as a result of his injuries.

The attorney-referee found that the claimant was injured while en route to work during an early morning hour, while riding in a privately-owned car which was being driven by Judd T. McAlister of Blue Mountain, Mississippi, who for many years had been manager of the employer-defendant lumber yard and mill in New Albany, Mississippi; that the claimant lived at Cotton Plant, Mississippi, which is located between New Albany and Blue Mountain; that the evidence showed that for many years Judd T. McAlister had been in complete charge of the employer's operations in New Albany; that he hired all labor to stack and manufacture lumber at the plant in New Albany; that most of the yard workers lived in and around Cotton Plant and rode with Judd T. McAlister to and from work practically every day; that such workers, including John Henry McAlister, at the time of their employment, were told to be on the highway at a stated time to catch Mr. McAlister en route to New Albany.

The attorney-referee found that James Hugh Tabb of Houston, Mississippi, was the record owner and sole proprietor of J. H. Tabb & Company; that Judd T. McAlister was manager of the New Albany, Mississippi, operation; that after all expenses were paid, the profits, if any, from said operation were divided equally between Tabb and Judd T. McAlister; and that Judd T. McAlister received an advance of $200 per month, $150 of which was for living expenses, and the remaining $50

was for gas, tires, et cetera for McAlister's personally owned car. The record is not clear whether the $50 advance was an expense item or was charged against the advance of earnings to Mr. McAlister. The attorney-referee was of the opinion, however, that it was not necessary for him to determinate whether Judd T. McAlister was a partner, a coadventurer, or a working foreman; that transportation was made available to the employees by the employer-defendant through Mr. McAlister; and that it appeared from the authorities that, "where an employer provides free transportation for his employee, the employee is deemed to be on duty during transportation."

The attorney referee therefore ordered that the employer and its insurance carrier furnish to the claimant medical benefits, as provided by the Mississippi Workmen's Compensation Act, and pay compensation to the legal guardian of John Henry McAlister, at the rate of $24.25 per week from December 4, 1958, for permanent total disability for a period of 450 weeks, or a total of $8,600, whichever is the lesser in amount, less the amount already paid.

The findings and order of the attorney-referee were entered of record on October 31, 1960, and on review by the full Commission the award made by the attorney-referee was affirmed by a majority vote of the full Commission. An appeal was taken by the employer and its insurance carrier from the order of the Commission to the circuit court; and on May 29, 1961, the circuit court affirmed the decision and award of the Commission. The case is now before us on appeal by the employer and its insurance carrier from the judgment of the circuit court affirming the order of the Commission.

The appellants' attorneys assign and argue three points as grounds for reversal of the judgment of the lower court: (1) That the court erred in holding that the accident arose out of and in the course of employ-

ment; (2) that the court erred in holding that hazards encountered while traveling to and from work are incident to employment, where an employee is paid on an hourly basis from the time he arrives at his place of employment until he leaves; and (3) that the court erred in holding the claim compensable where transportation to and from the place of employment is a personal matter to the employee.

 █ After a careful examination of the record, we are of the opinion that there was no error in the findings and award made by the attorney-referee and approved by the Commission, and that the judgment of the circuit court should be affirmed by this Court.

In discussing the liability of employers for injuries received by employees, while going to or returning from work, the textwriter in 58 Am. Jur. pp. 723, 724 and 725, Workmen's Compensation, Sections 217 and 218, says:

"Section 217. * * * The hazards encounted by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment. This general rule is subject, however, in most jurisdictions, to certain well-recognized exceptions which depend upon the nature, circumstances, and conditions of the particular employment, and the cause of the injury. The principal exceptions are where the employer provides the transportation or remunerates the employee for the time or expense involved * * *.

"Section 218. * * * As an exception to the general rule that an employee is not in the course of his employment while going to or returning from his work, it is generally held that where transportation to or from work is furnished by the employer as an incident of the employment, an accidental injury sustained by the

employee while being so transported arises out of and in the course of the employment * * *.''

In discussing the above mentioned exception, that an employee may be held liable for injuries resulting from hazards encountered by the employees while going to or returning from their regular place of work before reaching or after leaving the employer's premises, the textwriter in 99 C.J.S., p. 837, Workmen's Compensation, Section 235a, says: ''This exception to the general rule has been held to be as well established as the rule itself, and to be supported by overwhelming authority. It may arise from the custom or practice on the part of the employer, of furnishing transportation, or from a continued practice which is beneficial, convenient, or advantageous to both employer and employee, even though such practice may not be said to have become part of the contract of employment.''

 ██ There is ample evidence in the record in the case we have here to support the finding of the attorney-referee that transportation was made available by the employer-defendant through Mr. Judd T. Mc-Alister, the manager of the New Albany plant, for employees of the plant who lived in the Cotton Plant community. The transportation of the claimant in this case to the plant at New Albany on December 4, 1958, was not an isolated act of courtesy to a fellow employee, as in some of the cases cited by the appellants' attorneys in their brief. The record shows that ten or twelve employees were picked up at Cotton Plant and transported to their work at New Albany by Judd T. McAlister during some period of time on a more or less regular basis. Three witnesses testified that they rode with Mr. McAlister regularly, almost every day, at some period of time while they were working in the appellant's plant at New Albany. Judd T. McAlister, whether a copartner with J. H. Tabb, or an employee, was manager of the

plant and the representative of the owner in the operation of the business.

For the reasons stated above the judgment of the lower court is affirmed and the cause remanded to the Commission for the enforcement of its award.

Affirmed and remanded.

*Gillespie, McElroy, Rodgers* and *Jones, JJ.,* concur.