Robert T. **GULLETT**, Appellant,

v.

**BEST SHELL HOMES, INC. OF TEN-NESSEE,** Appellee.

No. 19871.

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1963.

---

Charles M. Murphy, Jr., Memphis, Tenn., for appellant.

L. A. Smith, Jr., Smith & Hurdle, Holly Springs, Miss., for defendant-appellee, Best Shell Homes, Inc. of Tenn.

Before RIVES, CAMERON and BELL, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Gullett brought an action against appellee Best Shell Homes, Inc., alleging that Best was vicariously liable for his injury, negligently caused by one Burlison. Appellee Best denied that the alleged tort feasor Burlison was its servant, but took the position that he was an independent contractor for whose actions Best was not responsible. The action was tried before the District Judge, sitting by agreement as trier of both the law and the facts, and judgment against the plaintiff dismissing the complaint was rendered after the conclusion of appellant-plaintiff's evidence, rule 41(b) F.R.Civ.P.,[1] on the court's finding that

---

1. "* * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. *In an action tried by the court without a jury the court as trier of the* facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this sub-

the alleged tort feasor was an independent contractor.

Appellant argues that Burlison, a licensed electrician, was Best's servant at the time of the accident. Three general contentions are made: (1) that the general relationship between Best and Burlison was that of master-servant; (2) that the specific relationship at the time of the accident was that of master-servant; and (3) that Best is "estopped" to deny that Burlison was an "employee" at the time of the accident because Best's workmen's compensation insurer paid Burlison compensation benefits for injuries sustained in the accident giving rise to this action.

Appellee contends that the findings of fact of the court below are not clearly erroneous and that estoppel has no place in this case, inasmuch as, inter alia, the injured party did not, to his detriment, rely upon the position taken by Best or its compensation insurer. Appellee relies on the finding by the court below, moreover, that the compensation benefits to Burlison were paid as the result of a mistake of fact.

A brief recital of the facts of this case is sufficient. Best was a general contractor, engaged in entering into agreements with lot owners for the construction of "shell" homes according to standardized plans and specifications. It customarily let out various phases of the work by subcontracts. Burlison did the electrical work on most of the houses built, the terms of the written contracts computing the contract price on the basis of $2.50 per electrical outlet.

Burlison was a licensed electrician, maintaining his own place of business in Memphis, Tennessee under the name Safety Electric Company. He had his own office, telephone, (listed as Safety Electric Co.), tools, automobile and other equipment, and hired his own helpers and employees. He did a general electrical contracting business, holding himself out to the public as an electrician, but most of his time during the period preceding the accident had been spent performing Best's contracts.

Best did not supervise or control Burlison's work. All it required was that the electrical work meet the specifications called for in the construction contract, and pass local building codes. Any complaints or defects were to be handled on Burlison's "own time"—i. e., at no extra remuneration.

Best told Burlison that there was a defect in a house at Maben, Mississippi in which Burlison had installed the wiring. Burlison investigated the defect and found that it had been caused by a carpenter driving a nail through a wire—after Burlison completed the wiring—and he telephoned Best and advised that the repair of the defect was not his responsibility. He was asked to make the repair and told that he would be paid extra for the work.

On his way back home after the curative work had been completed, Burlison was involved in the accident in which both he and appellant Gullett were injured. Burlison was paid Workmen's compensation benefits, but was later notified that the payments were made through error and that he would have to repay the compensation carrier.

One additional factor is stressed by appellant. Although no deductions for withholding tax or social security were made from Best's payments to Burlison, the regular deduction was made of four percent of the contract price from each contract settlement. The deduction was made to defray the cost of workmen's compensation insurance coverage. This same deduction was made from the amount due all subcontractors, and referred to in the contracts as a "holdback for workmen's compensation insurance."

In determining the general relationship between Best and Burlison, it is not necessary to go into an elaborate dis-

division and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." [Emphasis added.]

cussion of the Mississippi law of agency. The legal standards applied by the court below, sitting also as the finder of facts, were those generally applied in Mississippi—being substantially an examination of those matters of fact set out in § 220, p. 483, Restatement of the Law of Agency. Mississippi Employment Security Commission v. Plumbing Wholesale Co., 1954, 219 Miss. 724, 69 So.2d 814; Texas Co. v. Mills, 1934, 171 Miss. 231, 156 So. 866.

[redacted] During oral argument counsel for appellant made much of the fact that, at times, Best paid Burlison "mileage" to and from the construction sites. It is common knowledge that many contractors charge a mileage fee for small jobs done outside of a given area. The payment of such "mileage" does not, in and of itself, make one a servant rather than an independent contractor, although it is relevant proof in the consideration of the relationship. In this instance, we do not believe that the sporadic payment of "mileage" was indicative of a master-servant relationship; rather, under the circumstances of this case, it is more indicative of an independent contractor status.

Appellant argues that even if the general relationship between Best and Burlison were not that of master and servant, such a relationship was established when Burlison did the extra work not required of him by the contract. But there is no evidence that Best exercised or possessed any more control or right of control over Burlison while doing the extra work than while performing the work regularly done under written contracts. Best was interested in the results attained, not how the work was done. The only factor which was changed was the method of payment. Ostensibly the agreement was to pay whatever the extra work was worth.

We hold that the findings of fact specially made by the court below are not clearly erroneous and that the law of Mississippi on the controlling issues was properly applied to these facts.

[redacted] Appellant's contention that Best is now "estopped" to deny that Burlison was a servant on the basis of the payment of compensation benefits to Burlison for injuries received in this accident, was properly rejected by the court below. In addition to that court's conclusion that the elements of estoppel[2] were not present, it is apparent that, at most, all that was involved in this evidence was a possible admission on Best's part. The report to the Workmen's Compensation Commission by Best's office employee that Burlison was an "employee" would seem to be a conclusion of law on that employee's part, which was admissible evidence for consideration by the court in its determination as to how the parties construed the relationship.

In dealing with this situation, the court below recognized that one may be a "statutory employee" for workmen's compensation purposes and not be a common-law servant for other purposes.[3] A subcontractor would be neither.

2. "The essential elements of estoppel are conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence." Crowe v. Fotiades, 1955, 224 Miss. 422, 80 So.2d 478, 486; Harris v. American Motorist Insurance Co., 1961, 240 Miss. 262, 126 So.2d 870, 875. It is evident that even if it be assumed that there were some false representations of fact or facts on the part of Best, the appellant did not rely on such actions and could not have been prejudiced thereby. The appellant in this action was not in any manner affected by the relations between Burlison, Best and the compensation insurer.

3. Under Mississippi Code Ann. § 6998-04, prime contractors are obligated to provide workmen's compensation benefits to employees of subcontractors if the subcontractor does not provide such benefits. Best would be obligated to provide compensation benefits to any of Burlison's employees, therefore, under the Missis-

█ We conclude that the trial court was justified in finding and holding that Burlison was not an agent or employee of Best for whose tortious acts Best was liable, and its action in dismissing appellant's claim was correct and the judgment is

Affirmed.

sippi law, even though such employees of a subcontractor were not Best's servants, if Burlison did not provide such coverage.